16624

STATE v. WYATT

(70 S. E. (2d) 635)

*Messrs. Samuel N. Burts* and *John H. Nolen,* of Spartanburg, *for Appellant,* cite:

*Mr. Samuel Watt, Solicitor,* of Spartanburg, *for Respondent.*

May 7, 1952.

HENDERSON, Acting Associate Justice.

The prosecuting witness, a white married woman, lived not far from the city of Spartanburg. At about 8:30 on the morning of May 3, 1951, her husband had gone away to his work and she was alone at the home. After working for a while among the flowers in her front yard she went into the house, and upon going from the front room into her bedroom the defendant, a Negro man, jumped from behind a door, where he had been hiding, flung a cloth or sheet over her head and shoulders, threw her to the floor, and in spite of her struggles and entreaties, committed the crime of rape.

He was tried at the Court of General Sessions for Spartanburg County, and was convicted of rape by the jury. The trial Judge sentenced him to death.

On his appeal to this court he presents three exceptions. It is first contended that the presiding Judge was in error in charging the jury that emission is not necessary to be proven. The instruction was correct. The

carnal knowledge which is a necessary element of rape is completed by penetration, however slight, and it is not necessary for the State to prove emission. 75 C.J.S., Rape, § 10, p. 473; 44 Am. Jur. 903. Our old case of *State v. Le Blanc*, 3 Brev. 339, cited by appellant, does not hold to the contrary.

The next question raised by the appellant is that the State has failed to prove penetration beyond a reasonable doubt.

We think that the evidence along this line was ample. The victim said that he had sexual intercourse with her. The appellant contends that this was not sufficient, and that more details should have been given. Here, however, we have a married woman, and without doubt she fully understood the meaning of these words. She also testified that the defendant had accomplished his purpose. A medical examination made of her at the hospital, to which she was immediately carried, showed that she had very recently had sexual relations.

The third exception is that the presiding Judge erred in allowing the State to introduce testimony that the defendant was seen in the vicinity the day before and the day after the crime was committed.

This evidence, we think, was admissible in connection with other evidence in the case. It was material in establishing the identity of the defendant, and in showing his presence in the neighborhood at about the time of the crime. Before the trial the defendant fully confessed the crime, and he offered no evidence at the trial.

We find no error in the entire record.

When the defendant was arraigned he had no counsel, and the Circuit Judge appointed the present attorneys to represent him. They are commended for their faithful services as officers of the Court.

All of the exceptions are overruled, and the judgment of the Circuit Court is affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.